WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valence Ray Smith, Sr., | No. CV 16-08160-PCT-GMS |
| Petitioner, | CR 13-08043-PCT-GMS |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Pending before the Court is Petitioner Valance Ray Smith, Sr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 1). Magistrate Judge Eileen S. Willett has issued a Report and Recommendation (R&R) in which she recommends that the Court deny the motion. (Doc. 14). Petitioner filed objections to the R&R. (Doc. 15). Because objections have been filed, the Court will review the record on all relevant matters *de novo*. For the following reasons, the Court adopts the R&R and denies the motion.

## BACKGROUND

On May 5, 2014, Petitioner was convicted by a jury of three counts: two counts of assault with a dangerous weapon (Counts 1 and 3) in violation of 18 U.S.C. §§ 1153 and 113(a)(3) and one count of assault resulting in serious bodily injury (Count 2) in violation of 18 U.S.C. §§ 1153 and 113(a)(6).[1] Count 3 stemmed from an incident on July 8, 2011. Petitioner got into an argument with his girlfriend, hitting her in the mouth and stabbing

---

[1] *United States v. Smith*, No. CR-13-08043-PCT-GMS, Doc. 95 (D. Ariz. 2014).

her in the foot. Counts 1 and 2 arose from an incident on September 12, 2012 where Petitioner fought with his girlfriend and beat her with a metal pipe. The events of September 12, 2012 had previously led to charges and a conviction in the Hualapai Tribal Court.[2] The tribal court sentenced Petitioner to two years in prison, running from October 2, 2012 to October 2, 2014. Petitioner was serving his tribal sentence while on trial in federal court. After the conviction in federal court, Petitioner was sentenced to 146 months in prison and three years of supervised release.

Petitioner brought a direct appeal of his federal court conviction, and was represented by court-appointed counsel. Petitioner challenged three issues: (1) whether the district court erred in denying a motion to suppress; (2) whether the district court abused its discretion by denying a motion to sever; and (3) whether the district court imposed a reasonable sentence. The Ninth Circuit affirmed the conviction and sentence.[3] Petitioner timely filed the present § 2255 motion on July 15, 2016, presenting seven grounds for relief.

**DISCUSSION**

**I.    Legal Standard**

A federal prisoner may seek relief under 28 U.S.C. § 2255(a) if his sentence was imposed in violation of the United States Constitution or the laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. When a prisoner petitions for post-conviction relief, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *Id.* at § 636(b)(1). If a petitioner files timely objections to the magistrate judge's R&R, the district judge must make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the

---

[2] *Hualapai Tribe v. Smith*, 2012-CR-415ABC (Hualapai Tribal Court 2012).

[3] *United States v. Smith*, C.A. No. 14-10231, Doc. 40 (9th Cir. 2015).

objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**II. Analysis**

**A. Grounds One–Three: Hualapai Tribal Court Conviction**

Petitioner raised three grounds for relief related to his October 2012 conviction and sentencing in the Hualapai Tribal Court: (1) the tribal court sentenced Petitioner to a term of more than one year without the appointment of defense counsel; (2) Petitioner was arraigned and sentenced to immediate imprisonment in violation of the law; and (3) the criminal laws, rules of evidence, and rules of criminal procedural were not made available to Petitioner. (Doc. 1, p. 16).

Although "Indian tribes are 'distinct, independent political communities, retaining their original natural rights' in matters of local self-government," "Congress has plenary authority to limit, modify or eliminate the powers of local self-government which the tribes otherwise possess." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 57 (1978) (quoting *Worcester v. Georgia*, 31 U.S. 515, 519 (1832)). Exercising this authority, Congress passed the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1301–1304, in 1968. Relevant here, ICRA establishes that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303.

In order for a court to have subject matter jurisdiction over an ICRA habeas petition, the petitioner must be in custody at the time the petition is filed. *See Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010) ("The term 'detention' in the statute must be interpreted similarly to the 'in custody' requirement in other habeas contexts. . . . Therefore, an ICRA habeas petition is only proper when the petitioner is in custody.") (citing *Moore v. Nelson*, 270 F.3d 789, 791 (9th Cir. 2001)). Petitioner filed this action on July 15, 2016. Petitioner's term of imprisonment imposed by the Hualapai Tribal Court ended on October 2, 2014. Petitioner was not in "detention by order of an Indian tribe" at the time his § 2255 motion was filed. Additionally, a petitioner must first exhaust tribal

remedies before filing an ICRA habeas petition. *Jeffredo*, 599 F.3d at 918; *Alvarez v. Lopez*, 835 F.3d 1024, 1027 (9th Cir. 2016) ("In order to satisfy the exhaustion requirement, a criminal defendant must pursue a direct appeal or show that such an appeal would have been futile."). Petitioner did not pursue a direct appeal with the Hualapai Tribal Court. Petitioner has also made no showing that a direct appeal would have been futile. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 19 n. 12 (1987) ("[E]xhaustion [is] not required where an assertion of tribal court jurisdiction is motivated by a desire to harass or is conducted in bad faith, or where the action is patently violative of express jurisdictional prohibitions."); *Johnson v. Gila River Indian Community*, 174 F.3d 1032, 1036 (9th Cir. 1999) (holding that "if a functioning appellate court does not exist, exhaustion is per se futile").

In objecting to the Magistrate Judge's determination that the Court lacked subject matter jurisdiction over Petitioner's attacks on the Hualapai Tribal Court conviction, Petitioner notes that the Hualapai Tribal Court ordered a Status Review of his criminal case and conviction on May 19, 2017.[4] (Doc. 15). Petitioner appears to argue that because the tribal court ordered a review and did not take any remedial action, the Court should find that exhaustion of remedies would have been futile. The futility exception to exhaustion requires courts to answer whether "any meaningful tribal remedies exist." *St. Marks v. Chippewa-Cree Tribe of Rocky Boy Reservation, Montana*, 545 F.2d 1188, 1189 (9th Cir. 1976). Meaningful tribal remedies can exist even when a petitioner's desired outcome is not reached. The focus of the inquiry is on the procedures that are available to a potential appellant and not the end result reached by any such appeal or review. Moreover, ICRA habeas jurisdiction requires both detention and exhaustion. Regardless of whether a direct appeal of Petitioner's tribal conviction would have been futile, the fact remains that Petitioner was not detained by order of an Indian tribe at the time the

---

[4] The Hualapai Tribal Court set a Status Review for June 22, 2017. (Doc. 15, p. 11). The Court found that the Defendant had served his time and ordered the case closed. *Id*. at p. 12.

- 4 -

§ 2255 motion was filed. *See Moore*, 270 F.3d at 792 n. 1 ("Our determination that [the petitioner] fails to meet the requirement of detention makes it unnecessary for us to address the question whether Moore failed to exhaust tribal remedies."). The Court lacks subject matter jurisdiction to review Petitioner's tribal court convictions.

### B. Grounds Four–Five: Federal Court Conviction

Grounds Four and Five challenge the constitutionality of Petitioner's federal court conviction. In Ground Four, Petitioner alleged that the federal trial court improperly admitted "a uncounseled conviction of tribal court, that was used in a subsequent prosecution as evidence in exhibits." (Doc. 1). In Ground Five, Petitioner alleged that the grand jury considered unconstitutionally obtained evidence because the federal indictment was based on the "same conduct that comprised the tribal indictment." (Doc. 1). Petitioner did not raise these challenges (or any of the other grounds) in his direct appeal. (Doc. 1, p. 9). Petitioner states that he did not raise his challenges on appeal because trial and appellate counsel failed to address the grounds.[5] *Id*.

When a petitioner challenges a sentence under § 2255 without first raising the claims on direct appeal, the claims are procedurally defaulted. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Procedural default may be overcome "only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Cause exists when "procedural default is due to an 'objective factor' that is 'external' to the petitioner and that 'cannot be fairly attributed to him.'" *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). For example, "[c]onstitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default." *Ratigan*, 351 F.3d at 964–65. "Prejudice requires that errors

---

[5] Petitioner's Reply asserts actual innocence. (Doc. 13, p. 7). The Magistrate Judge determined that Petitioner had not met his burden of proving actual innocence. Petitioner does not raise objections related to this finding. (Doc. 15).

- 5 -

"worked to [the petitioner's] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner objects to the Magistrate Judge's determination that Grounds Four and Five were procedurally defaulted without excuse. Petitioner asserts that he has shown cause because "Defendant did not have his claims addressed nor considered by the tribal courts Order of Status Review 31-Months after Defendant served his tribal sentence." (Doc. 15, p. 5). The Court has already determined that it lacks subject matter jurisdiction to review Petitioner's claims arising from his tribal court conviction. Moreover, any alleged deficiencies in the tribal court proceedings are not relevant to the federal court proceedings that Petitioner challenges in Grounds Four and Five.

To the extent Petitioner is also challenging the Magistrate Judge's determination that there was not constitutionally ineffective assistance of counsel such that the procedural default is excused, the Court rejects that objection as well. To prove ineffective assistance of counsel, a defendant "must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). As relates to Ground Four, contrary to Petitioner's assertion, his tribal court conviction was not admitted at trial. (Doc. 8). Therefore, Petitioner's appellate counsel was not ineffective by choosing not to raise the issue on direct appeal. In Ground Five, Petitioner challenges his grand jury indictment. If Petitioner is alleging that the tribal conviction was improperly presented to the grand jury, it was not ineffective assistance of counsel to decline to raise the issue on direct appeal. Generally, "an indictment tainted by incompetent evidence, or even by unconstitutionally obtained evidence, will not be dismissed on that basis." *Hunter v. United States*, 405 F.2d 1187, 1188 (9th Cir. 1969). If Petitioner is alleging that it was unconstitutional for him to be convicted of the same crime in both tribal and federal court, it was similarly not ineffective assistance of counsel to not raise the issue on direct appeal. Although the Constitution protects against double jeopardy, multiple prosecutions

are allowed when they are carried out by separate sovereigns, such as a Native American tribe. *See generally United States v. Lara*, 541 U.S. 193 (2004); *United States v. Wheeler*, 435 U.S. 313 (1978). Therefore, Petitioner cannot establish that his counsel was constitutionally defective. As such, there is no excuse for failing to raise these challenges on direct appeal. Grounds Four and Five are procedurally defaulted.

### C. Grounds Six–Seven: Ineffective Assistance of Counsel

In Grounds Six and Seven, Petitioner alleges that both his trial and appellate counsel were ineffective. Petitioner alleges that his counsel "deficiently failed to investigate petitioner's prior tribal court proceedings that resulted in an uncounseled conviction that was 'presumably void.'" (Doc. 15, pp. 18–19).

Unlike other claims, "ineffective-assistance-of-counsel claim[s] may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro*, 538 U.S. at 50. Grounds Six and Seven, therefore, are not procedurally defaulted. As discussed above, in order to succeed on an ineffective assistance of counsel claim, the Petitioner must show both that the counsel's actions "were not supported by a reasonably strategy" and that the "error was prejudicial." *Id*. at 505. Here, Petitioner asserts that his counsel did not adequately review the tribal court convictions. Counsel, however, was defending Petitioner in his federal court trial, not the tribal court. Petitioner also claims that counsel was ineffective by permitting the tribal conviction to be admitted to the grand jury and during the federal trial. As shown above, these claims are without legal and factual merit. Therefore, it was not inappropriate for trial and appellate counsel to focus their attention on other issues and not raise these claims. Petitioner cannot establish his trial or appellate counsel was constitutionally deficient.

### CONCLUSION

Petitioner's objections to the Magistrate Judge's R&R are without merit. The Court lacks subject matter jurisdiction to review Petitioner's claims stemming from the tribal court conviction. Petitioner procedurally defaulted his claims about the alleged

admission of his tribal court conviction into the federal trial and double jeopardy. Finally, Petitioner did not establish that either trial or appellate counsel were ineffective. Counsel may focus on the most successful claims and make strategic choices; Petitioner has not shown counsel acted outside the range of acceptable assistance.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 14) is **ADOPTED** and the Motion to Vacate of Petitioner Valance R. Smith, Sr. (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 7th day of March, 2018.

Honorable G. Murray Snow
United States District Judge